IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

AUDREY LATHAM AND
GLENNIS LATHAM,
CO-ADMINISTATORS OF THE ESTATE
OF DAVID LOUIS LATHAM, DECEASED,

    Plaintiffs,

v.                                      CIVIL ACTION NO.: 2:16cv203

MICHAEL EDINGTON,

and

CITY OF NORFOLK,

    Defendants.

## FIRST AMENDED COMPLAINT

**COME NOW** the Plaintiffs (hereinafter also "Plaintiffs" or "Co-Administrators"), by counsel, and move this court, by amended complaint pursuant to Rule 15(a)(1)(B), for judgments against Defendant Michael Edington and Defendant City of Norfolk, jointly and severally, in the sums of TWENTY-FIVE MILLION DOLLARS ($25,000,000.00) in compensatory damages, by reason of the following:

Jurisdiction

1.    This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, as well as through the common law of Virginia. This Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331.

Parties

2.      Plaintiffs qualified as Co-Administrators of the Estate of David Louis Latham on, or about, August 15, 2014, in the Norfolk Circuit Court. The Decedent, David Louis Latham (hereinafter also "Decedent" or "David Latham") was the thirty-five year old son of Audrey Latham and Glennis Latham. The Decedent and the Co-Administrators were Norfolk, Virginia, residents and citizens of the United States at all relevant times.

3.      Defendant Michael Edington (hereinafter also "Edington") is, or was at all relevant times, employed as a police officer with the Norfolk Police Department and the City of Norfolk, Virginia.

4.      Defendant City of Norfolk is a municipal corporation, organized and existing under the laws of the Commonwealth of Virginia. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Michael Goldsmith (hereinafter also "Goldsmith"), as an agent of Defendant City of Norfolk, was, and at all times referred to herein, Chief of Police for the Norfolk Police Department and the City of Norfolk, and as such was the commanding officer of Defendant Edington, and was responsible for the training, supervision, and conduct of Defendant Edington, as more fully set forth below. Goldsmith, the Norfolk City Manager, the Norfolk City Council, and/or other final policymakers are further responsible by law for enforcing the regulations of the City of Norfolk and for ensuring that City of Norfolk police officers are properly trained and obey the laws of the Commonwealth of Virginia and the United States of America.

5. At all times mentioned herein, Defendant City of Norfolk acted by and through its officials, employees, final policymakers, and agents, including, but not limited to, Goldsmith, the Norfolk City Manager, and its City Council.

6. At all times referred to herein, each Defendant acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Virginia and the City of Norfolk.

## Count I - 42 U.S.C. §1983: Excessive Force By Defendant Edington

7. The Plaintiffs incorporate herein the allegations of Paragraphs 1 and 6 above.

8. On or about June 6, 2014, at approximately 11:00 p.m., Defendant Michael Edington, on duty with the Norfolk Police Department, arrived with other uniformed Norfolk police officers at the Decedent's residence, located at 411 W. 30th Street, Norfolk, Virginia, 23508. Immediately upon arrival, Defendant Edington removed his gun from its holster and pointed it at the Decedent, who was standing in the doorway to his home.

9. At no relevant time did the Decedent act aggressively toward Defendant Edington or others, nor did the Decedent act in a way to give Defendant Edington reason to believe that the Decedent presented a significant threat of death or serious physical injury to Defendant Edington or others. At all relevant times, the Decedent was suffering from mental health problems and had a calm demeanor. In fact, just prior to the shooting, family members of the Decedent were alarmed to see Defendant Edington pointing his weapon at the Decedent. These family members implored Defendant Edington not to shoot because the Decedent was no danger, and merely suffering from mental health issues.

10. Despite these circumstances, Defendant Edington unlawfully and negligently shot and killed the Decedent, David Latham, by the excessive and unreasonable use of deadly force on or about June 6, 2014. Despite several other Norfolk police officers at the scene, Defendant Edington was the only officer to discharge his firearm, shooting the Decedent multiple times, including in the back.

11. Defendant Edington knew, or should have known, that firing his weapon under the circumstances was unnecessary, unlawful, and unconstitutional. It was unreasonable and negligent for Defendant Edington under the circumstances to believe that firing his weapon was justified.

12. Defendant Edington shot the Decedent to death as part of an unreasonable execution of an arrest or seizure of the Decedent's person within the meaning of the United States Constitution and the Fourth Amendment. Defendant Edington acted under color of law and his acts give rise to claims under 42 U.S.C. §1983. This excessive and unreasonable use of deadly force killing a young man was the result of negligence and recklessness on the part of Defendant Edington. The reckless, negligent and wrongful actions of Defendant Edington constituted an unreasonable and unconstitutional seizure of the person of David Latham, which directly and proximately caused his wrongful death.

Count II- Common Law Gross Negligence By Defendant Edington

13. The Plaintiffs incorporate herein the allegations of Paragraphs 1 through 12 above.

14. Defendant Edington was grossly negligent in his actions in shooting the Decedent, which proximately caused the wrongful death of David Latham.

### Count III – Common Law Battery By Defendant Edington

15. The Plaintiffs incorporate herein the allegations of Paragraphs 1 through 14 above.

16. Defendant Edington, without just cause or provocation, committed a battery on the Decedent in violation of Virginia law, by harmful, unlawful, and offensive contact to the Decedent proximately resulting in the wrongful death of David Latham through shooting.

### Count IV- 42 U.S.C. §1983: *Monell Liability*

17. The Plaintiffs incorporate herein the allegations of Paragraphs 1 through 16 above.

18. At all times mentioned herein, and specifically at the time of his being shot to death by Defendant Edington, the Decedent was suffering mental health challenges and needed mental health services, which prompted the Plaintiffs and other family members to call the Norfolk Police Department.

19. Prior to the shooting death of the Decedent, Defendant City of Norfolk had knowledge of a lack of training, including crisis intervention training, provided to Norfolk police officers as it pertained to police encounters with citizens, including those with mental health problems, or those in the midst of a mental health crisis.

20. Also, between 2011 and the time of the shooting death of David Latham, Norfolk police had been asked to respond to approximately 7,900 calls involving individuals experiencing a mental health crisis.

21. Also prior to the shooting death of the Decedent, Defendant City of Norfolk had knowledge of prior and regular incidents between Norfolk police officers and individuals with mental health problems that culminated in use of force, including unneeded excessive force.

22. Also prior to the shooting death of the Decedent, Defendant City of Norfolk had knowledge that Norfolk police officers had shot and killed a disproportionate number of people since 2010 when compared to other law enforcement agencies in Virginia.

23. In fact, a mere two days prior to the shooting death of the Decedent, Norfolk police shot and killed during a police encounter a 72-year-old man suffering from schizophrenia.

24. As early as 2009, which was eight years after the first crisis intervention team was formed in Virginia, mental health advocates began lobbying Defendant City of Norfolk for creation of crisis intervention teams to promote safer encounters between police officers and the public. In 2011, several years prior to the shooting death of the Decedent, a conference regarding crisis intervention management was organized by mental health advocates, which was attended by some police representatives but only one member of the City Council.

25. Prior to the shooting death of the Decedent, nearby municipalities such as Virginia Beach, Suffolk, Portsmouth and Chesapeake all maintained, formed, and/or used crisis intervention teams, yet Defendant City of Norfolk continued to willingly decline to fund and form such teams to improve and make safer the interaction between Norfolk police and its citizens, despite a known need for such teams and improved training.

26. The week following the shooting death of the Decedent, Defendant City of Norfolk and its police department finally announced the formation of Norfolk's first crisis intervention team, despite knowing such teams were needed for many years prior to the shooting death of the Decedent.

27. Despite the aforementioned prior knowledge, Defendant City of Norfolk failed to take remedial measures to properly train and supervise Norfolk police officers, and also failed to enforce or create policies or regulations of the City of Norfolk or the Norfolk Police Department to promote effective and safe encounters with members of the public, including those suffering from mental health conditions. If Defendant City of Norfolk had taken such remedial measures, the shooting death of the David Latham would not have occurred. The allegations in this paragraph are likely to have further evidentiary support after a reasonable opportunity for further investigation and discovery.

28. The City Council of Norfolk, Goldsmith, the Norfolk City Manager, and/or other final policymakers are vested by law with the authority to make policy for the City of Norfolk on the use of force in making arrests or otherwise seizing individuals. The City Council of Norfolk, Goldsmith, the Norfolk City Manager, and/or other final policymakers were aware of a pattern excessive force by police officers employed by the City of Norfolk against mentally ill persons; they were aware that the City's policies, or lack of policies and training in place, specifically regarding crisis intervention and police encounters with members of the public with mental health conditions, were so inadequate that it was obvious that a failure to train, supervise, correct, or create remedial policies directly and proximately caused the excessive force, shooting death of the Decedent. The allegations in this paragraph are likely to have further evidentiary support after a reasonable opportunity for further investigation and discovery.

29. At all relevant times, Defendant Edington, as a police officer of the City of Norfolk, was acting under the direction and control of Defendant City of Norfolk, and was acting pursuant to official policy, practice, custom, and his training, or lack thereof, of the City of Norfolk.

30. Acting under the color of law and pursuant to official policy, practice, or custom, Defendant City of Norfolk intentionally, knowingly, and/or recklessly failed to instruct, train, supervise, control, and/or discipline, on a continuing basis, Defendant Edington, in his duty to refrain from unlawfully, negligently, wrongfully, recklessly, and maliciously assaulting and shooting citizens and otherwise using unreasonable and excessive force before, during, or after the making of a seizure or arrest.

31. Acting under the color of law and pursuant to official policy, practice, or custom, Defendant City of Norfolk intentionally, knowingly, and recklessly failed to, and willingly declined to, instruct, train, and supervise Defendant Edington, on a continuing basis, in the correct procedure for making a seizure or arrest, including the arrest of an individual suffering from a mental health crisis, such as the Decedent.

32. Defendant City of Norfolk had knowledge, or, had they diligently exercised their duties to instruct, train, supervise, control, and/or discipline on a continuing basis should have had knowledge, that the wrongs which were done, as herein alleged, were about to be committed. Defendant City of Norfolk and its final policymakers, including Goldsmith, the City Manager, and the Norfolk City Council had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly and/or recklessly failed or refused to do so. The allegations in this paragraph are likely to have further evidentiary support after a reasonable opportunity for further investigation and discovery.

33. Defendant City of Norfolk, and its agents, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, negligent and/or wanton conduct of Defendant Edington described herein. The allegations in this paragraph are likely to

have further evidentiary support after a reasonable opportunity for further investigation and discovery.

34. Defendant City of Norfolk, through its final policymakers and agents, affirmatively declined to apportion funding to properly and adequately train its police officers, despite a known need for such funding, and knowledge of a continuing and disproportionately high number of instances of police encounters with citizens with mental health problems and encounters with citizens that culminate in the use of force. The allegations in this paragraph are likely to have further evidentiary support after a reasonable opportunity for further investigation and discovery.

35. Under the circumstances described herein, the affirmative decision of Defendant City of Norfolk to willingly decline to adopt policies and provide training to Defendant Edington, including crisis intervention training and training with regard to police encounters with those with mental health issues, amounted to a deliberate indifference to promulgate policy to avoid predictable and foreseeable deprivation of the Decedent's protected federal right to be free from unlawful and excessive use of deadly force. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

36. As a direct and proximate result of the acts or omissions of Defendant City of Norfolk, as set forth herein, the Decedent was shot and killed by Defendant Edington.

Damages

37. The Plaintiffs incorporate herein the allegations of Paragraphs 1 through 36 above.

38. The statutory beneficiaries of the Estate of David Latham are as follows:

| Name | Relationship |
|---|---|
| Audrey Latham | Mother |
| Glennis Latham | Father |
| Angel Latham | Sister |
| Shanelda Latham | Sister |
| Anthony Latham | Brother |
| Andre Latham | Brother |
| Glennis Latham | Brother |

39. As a direct and proximate result of the Defendants' wrongful acts and the resulting death of David Latham, the statutory beneficiaries have suffered harms and losses, past and future, including those allowed by statute under Virginia Code §8.01-52 such as funeral expenses, medical costs, loss of income to and services for the Decedent's statutory beneficiaries, as well as other losses allowable by law. As a direct and proximate result of the wrongful death, Plaintiffs' Decedent's statutory beneficiaries have all suffered tremendous sorrow, mental anguish, as well as loss of society, solace, companionship, comfort, guidance, kindly offices, and advice of the Decedent.

WHEREFORE, Plaintiffs pray for judgments against Defendant Michael Edington and Defendant City of Norfolk, jointly and severally, in the sums of TWENTY-FIVE MILLION DOLLARS ($25,000,000.00) in compensatory damages, plus pre-judgment interest back to the date of the killing, attorneys' fees as allowed by law, and expended costs in this matter.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

AUDREY LATHAM AND
                                            GLENNIS LATHAM,
                                            CO-ADMINISTATORS OF THE ESTATE
                                            OF DAVID LOUIS LATHAM,
                                            DECEASED,

                                            By: _____/s/_____
                                                    Of Counsel

John M. Cooper, Esquire
Virginia State Bar No. 29064
jcooper@cooperhurley.com
William F. O'Mara, Jr.
Virginia State Bar No. 77146
bomara@cooperhurley.com
COOPER HURLEY
2014 Granby Street, Suite 200
Norfolk, Virginia 23517
757-455-0077
757-455-8274 (facsimile)
*Counsel for Plaintiff*

                        Certificate of Service

	I hereby certify that on the 23rd day of May, 2016, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian N. Casey, Esquire
Virginia Sate Bar No. 26710
bcasey@taylorwalkerlaw.com
James E. Brydges, Jr. Esquire
Virginia State Bar No. 4420
jbrydges@taylorwalkerlaw.com
*Attorney for Michael Edington*
Taylor Walker, PC
Post Office Box 3490
Norfolk, Virginia 23514
757-625-7300
757-625-1504 (facsimile)

                                    _____/s/_____
                                        William F. O'Mara, Jr., Esquire