IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| AUDREY LATHAM and GLENNIS LATHAM, CO-ADMINISTRATORS OF THE ESTATE OF DAVID LOUIS LATHAM, DECEASED,<br><br>                Plaintiff,<br>v.<br><br>MICHAEL EDINGTON and CITY OF NORFOLK,<br><br>                Defendants. | Civil Action No. 2:16-cv-203 |

## NOTICE OF REPORT OF GUARDIAN AD LITEM

By Order dated November 6, 2017, this Court appointed the undersigned as Guardian Ad Litem to "review the terms of the proposed settlement, and determine whether the total settlement amount and distributions to Andre and Anthony Latham are fair with respect to Andre's and Anthony's interests." In an effort to carry out this charge, the undersigned reviewed pertinent laws, regulations and authorities pertaining to SSI, Medicaid, Special Needs Trusts and ABLE accounts. In addition, the undersigned spoke with Jon M. Babineau, Esquire, lead counsel for Audrey and Glennis Latham, Co-Administrators of the Estate of David Louis Latham, Deceased, and Brian A. Boys, Esquire, an attorney specializing in estate planning who advised the Co-Administrator, Mrs. Latham, on the structure of the proposed settlement with respect to Andre and Anthony. In addition, on November 13, 2017, I met personally with Andre, Anthony and Mrs. Audrey Latham at their home in Norfolk.

## BACKGROUND

Andre (age 24) and Anthony (age 28) are "disabled individuals as defined by Section 1614(a)(3) of the Social Security Act." Neither Andre nor Anthony is currently employed due to their disability. They currently reside at their Mother and Father's home in Norfolk and desire to remain living there. Mrs. Latham indicated that it is her desire that her sons continue to be able to live with her in the family home. Mrs. Latham is the primary caregiver for Andre and Anthony and regularly cooks, cleans, shops and transports Andre and Anthony. She also coordinates their medical care and finances, and serves as the Representative Payee for their social security disability payments.

Andre and Anthony, as disabled individuals, each receive $735 per month in social security disability payments. This is their sole income. Their healthcare is covered through Medicaid, and they currently have no out-of-pocket medical expenses. The social security disability payments are used for food, clothing, housing, entertainment and incidentals. According to Mrs. Latham, the $735 frequently does not cover Andre and/or Anthony's monthly needs.

In addition, Anthony has a seven (7) year old daughter. While the daughter does not live with Anthony, Mrs. Latham indicates that she is a frequent visitor and that Anthony is currently in arrears on child support payments to Tashauna S. Torrey, the daughter's mother.

I reviewed the proposed settlement with Andre and Anthony. They indicated that they understood that the other Latham siblings are receiving $100,000 in the settlement, that their Father is receiving approximately $200,000 and their Mother approximately $300,000. They further stated that they were aware that under the proposed settlement, they were going to receive $50,000 which would be placed into a special needs trust for their benefit so that they can

continue to receive social security disability and Medicaid. It is my belief that Andre and Anthony actually understand the terms of the settlement and the implications for them.

I also reviewed the proposed settlement with Mrs. Latham. Mrs. Latham indicated that it is her intention that Andre and Anthony remain living with her. Among the needs she listed for Andre and Anthony were transportation, travel, home furnishings and education.

## CONCLUSION

I am satisfied that the vehicle of the payments to Andre and Anthony is appropriate. Commonwealth Community Trust is a reputable provider of pooled special needs trusts and it is appropriate that any settlement monies received by them be held in this vehicle to avoid jeopardizing their continued receipt of Social Security disability and Medicaid. In addition, the trust's fees are reasonable. With respect to the amount going into the special needs trust on each man's behalf, I believe it should be higher than proposed in the settlement presented to the Court. Though each man has less in the way of expenses and obligations than their siblings due to their disability and living situation, Mrs. Latham did describe significant needs of each man. With respect to Andre, I recommend that a total of $70,000.00 be placed into the special needs trust on his behalf. As for Anthony, I also recommend that $70,000 be placed into his special needs trust. I further propose that the additional trust monies come from funds originally designated for Mrs. Latham. This would reduce the amount payable to Mrs. Latham from the currently proposed $293,277.87 to $253,277.87.

I am making this recommendation for three reasons. First, the higher amounts align more closely with the needs of Andre and Anthony. Second, while I have no concerns that Mrs. Latham's motives and intentions to continue to care for Andre and Anthony are anything but pure and beneficent, I believe the safeguards inherent in the special needs trust arrangement help

to ensure that Andre and Anthony will have resources if anything should happen to Mrs. Latham that would render her unable to continue to care for her sons. Finally, there are annual fees associated with the special needs trust. I believe that initially placing a larger sum in each man's special needs trust will help to preserve the principal, and allow for some growth rather than having most or all of the trust's earnings going to paying annual fees.

Dated: November 16, 2017

Respectfully submitted,

*/s/ Scott W. Kezman*
Scott W. Kezman
Virginia State Bar No. 36831
**Kaufman & Canoles, P.C.**
150 West Main Street, Suite 2100
Norfolk, VA 23510
Phone: (757) 624-3000
Fax: (888) 360-9092
swkezman@kaufcan.com

4

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 16th day of November, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jon M. Babineau, Esquire (VSB # 27461)
Jon M. Babineau, P.C.
109 East Main Street, Suite 413
Norfolk, VA  23510
Phone:  757/622-8631
Fax:  757/226-0621
E-mail:  jon@babineaulaw.com
***Counsel for Plaintiffs***

Todd M. Fiorella, Esquire (VSB # 30238)
Patrick J. Genova, Esquire (VSB # 87555)
Fraim and Fiorella, P.C.
150 Boush Street, Suite 601
Norfolk, VA  23510
Phone:  757/227-5900
Fax:  757/227-5091
E-mail:  tmfiorella@ff-legal.com
E-mail:  pgenova@ff-legal.com
***Counsel for Plaintiffs***

Brian N. Casey, Esquire (VSB # 26710)
James E. Brydges, Jr., Esquire (VSB # 4420)
Taylor Walker, P.C.
Post Office Box 3490
Norfolk, VA  23514-3490
Phone:  757/625-7300
Fax:  757/625-1504
E-mail:  bcasey@taylorwalkerlaw.com
E-mail:  jbrydges@taylorwalkerlaw.com
***Counsel for Defendant Michael Edington***

Michael A. Beverly, Esquire (VSB # 70805)
City Attorney's Office
810 Union Street, Suite 900
Norfolk, VA  23510
Phone:  757/664-4215
Fax:      757/664-4201
E-mail:  Michael.beverly@norfolk.gov
*Counsel for Defendant the City of Norfolk*

　　　　　　　　　　　　　　　　　　　　/s/ Scott W. Kezman
　　　　　　　　　　　　　　　　　　　　Scott W. Kezman
　　　　　　　　　　　　　　　　　　　　Virginia State Bar No. 36831
　　　　　　　　　　　　　　　　　　　　**Kaufman & Canoles, P.C.**
　　　　　　　　　　　　　　　　　　　　150 West Main Street, Suite 2100
　　　　　　　　　　　　　　　　　　　　Norfolk, VA 23510
　　　　　　　　　　　　　　　　　　　　Phone:  (757) 624-3000
　　　　　　　　　　　　　　　　　　　　Fax:      (888) 360-9092
　　　　　　　　　　　　　　　　　　　　E-mail:  swkezman@kaufcan.com

16072706