**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

JAN - 9 2018

AUDREY R. LATHAM and
GLENNIS L. LATHAM,
CO-ADMINISTRATORS OF THE ESTATE
OF DAVID LOUIS LATHAM, DECEASED,

      **Plaintiffs,**

v.                              **CIVIL ACTION NO. 2:16cv203**

MICHAEL EDINGTON,

      **Defendant.**

## ORDER

      This matter comes on a joint motion of the parties for approval of a proposed compromise of the claim for damages for the injuries and death of David Louis Latham, and the report of Scott W. Kezman, guardian ad litem for Andre B. Latham and Anthony C. Latham.

      Upon consideration whereof, it appearing to the Court that all parties necessary to be convened have been convened;

      And it further appearing:

      That defendant Michael Edington denies all allegations of liability in the death of David Louis Latham;

      That the sum of ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 ($1,500,000.00), has been offered in full compromise settlement of all claims and damages arising from the death of David Louis Latham, together with the costs incident to this proceeding;

      That the beneficiaries under Virginia Code §8.01-53 are David Louis Latham's parents, Audrey R. Latham and Glennis L. Latham, his brothers, Glennis C. Latham, Andre B. Latham and

1

Anthony C. Latham, and his sisters, Angel C. Latham and Shanelda R. Latham, and that said beneficiaries have consented to the offer of compromise and settlement; and

The Court being of the opinion that said offer is a reasonable one, the Court hereby **APPROVES** said compromise and settlement; and

It is therefore **ORDERED** that the aforesaid settlement proceeds ("proceeds") be paid to Audrey R. Latham and Glennis L. Latham, co-administrators of the Estate of David Louis Latham, deceased, and the co-administrators of the Estate shall pay and disburse the settlement proceeds as herein stated.

And it further appearing:

That Andre B. Latham and Anthony C. Latham are disabled individuals as defined by Section 1614(a)(3) of the Social Security Act and they receive Supplemental Security Income from the Social Security Administration and they are also Medicaid beneficiaries. Andre B. Latham's and Anthony C. Latham's eligibility for these benefits depends on them owning limited assets and their receipt of the proceeds would eliminate their eligibility for these benefits;

That Commonwealth Community Trust, a Virginia non-profit corporation and 501(c)(3) organization, created the Commonwealth Community Trust First Party Pooled Special Needs Trust (the "Trust") pursuant to 42 U.S.C. § 1396(d)(4)(A), 12 VAC 30-40-300(E)(3)(g)(2), and section M1120.202 of the Virginia Medicaid Manual for the benefit of disabled individuals, and acting through its trustee, Trust Company of Virginia, is a duly qualified fiduciary as defined in Virginia Code § 8.01-424D(2);

That in order to preserve Andre B. Latham's and Anthony C. Latham's eligibility for Supplemental Security Income and Medicaid benefits, it is in their best interests for their proceeds to be paid to a first party pooled special needs trust, to be held in a sub-account for their sole

2

benefit and a first party pooled special needs trust sub-account at Commonwealth Community Trust, with the Trust Company of Virginia serving as trustee, is an appropriate method by which Andre B. Latham's and Anthony C. Latham's eligibility for Supplemental Security Income and Medicaid benefits may be preserved.

It is therefore **ORDERED**:

That the Court hereby establishes and creates a first party pooled special needs trust sub-account at Commonwealth Community Trust, with Trust Company of Virginia serving as trustee, for the sole benefit of Andre B. Latham, pursuant to 42 U.S.C. § 1396(d)(4)(C), 12 VAC 30-40-300(E)(3)(g)(2), and section M1120.202 of the Virginia Medicaid Manual;

That Audrey R. Latham, as mother of Andre B. Latham, is directed to execute the necessary documents with Commonwealth Community Trust, to establish Andre B. Latham's first party pooled special needs trust sub-account with Trust Company of Virginia as trustee;

That the Court hereby establishes and creates a first party pooled special needs trust sub-account at Commonwealth Community Trust, with Trust Company of Virginia serving as trustee, for the sole benefit of Anthony C. Latham, pursuant to 42 U.S.C. § 1396(d)(4)(C), 12 VAC 30-40-300(E)(3)(g)(2), and section M1120.202 of the Virginia Medicaid Manual;

That Audrey R. Latham, as mother of Anthony C. Latham, is directed to execute the necessary documents with Commonwealth Community Trust, to establish Anthony C. Latham's first party pooled special needs trust sub-account with Trust Company of Virginia as trustee; and

That the following sums be paid from the proceeds:

$560,000.00 to Jon M. Babineau, P.C., and Fraim & Fiorella, P.C., for attorney's fees;

$40,000.00 to Cooper Hurley, P.C., for attorney's fee lien;

$1,228.25 to Fraim & Fiorella, P.C., for costs expended;

$216.00 to Jon M. Babineau, P.C., for costs expended;

$4,000.00 to Atlantic Law, PLC, for legal services;

$2,500.00 to Scott W. Kezman, for services rendered as guardian ad litem;

$1,250.00 to Commonwealth Community Trust (enrollment fee for Andre B. Latham's first party pooled special needs trust sub-account);

$68,750.00 to Trust Company of Virginia for the benefit of Andre B. Latham (to fund Andre B. Latham's first party pooled special needs trust sub-account).

$1,250.00 to Commonwealth Community Trust (enrollment fee for Anthony C. Latham's first party pooled special needs trust sub-account); and

$68,750.00 to Trust Company of Virginia for the benefit of Anthony C. Latham (to fund Anthony C. Latham's first party pooled special needs trust sub-account);

$100,000.00 to Glennis C. Latham, brother of decedent;

$100,000.00 to Angel C. Latham, sister of decedent;

$100,000.00 to Shanelda R. Latham, sister of decedent;

$201,277.88 to Glennis L. Latham, father of decedent; and

$250,777.87 to Audrey R. Latham, mother of decedent.

And the Court hereby **ORDERS** that defendant Michael Edington be and hereby is forever **DISCHARGED** from any claim or liability on the account of the injury and death of David Louis Latham and the Court **DISMISSES** this action **WITH PREJUDICE** to the rights of the plaintiffs.

ENTER: 1/9/18

Henry Coke Morgan, Jr.
Senior United States District Judge

DATED:

UNITED STATES DISTRICT COURT JUDGE

4

Todd M. Fiorella, Esquire
Virginia State Bar No. 30238
tmfiorella@ff-legal.com
Patrick J. Genova, Esquire
Virginia State Bar No. 87555
pgenova@ff-legal.com
Counsel for Plaintiffs
Fraim and Fiorella, P.C.
150 Boush Street, Suite 601
Norfolk, VA 23510
(757) 227-5900
(757) 227-5901 (fax)

Scott W. Kezman
Virginia State Bar No. 36831
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Phone: (757) 624-3000
Fax: (888) 360-9092
swkezman@kaufcan.com

Jon M. Babineau, Esquire
Virginia State Bar No. 27461
jon@babineaulaw.com
Counsel for Plaintiffs
Jon M. Babineau, P.C.
109 East Main Street, Suite 413
Norfolk, VA 23510
(757) 622-8631
(757) 226-0621 (fax)

Brian N. Casey
Virginia State Bar No. 26710
James E. Brydges, Jr.
Virginia State Bar No. 4420
Attorneys for Michael Edington
TAYLOR WALKER P.C.
Post Office Box 3490
Norfolk, Virginia 23514-3490
(757) 625-7300
(757) 625-1504 (fax)
bcasey@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com

Michael A. Beverly
Virginia State Bar No.: 70805
Attorney for City of Norfolk
City Attorney's Office
Norfolk, VA 23510
(757) 664-4215
(757) 664-4201 (fax)
Michael.Beverley@norfolk.gov

Audrey R. Latham

Glennis L. Latham